## (Reap. Dec. 10571)

## Bruce Duncan Co., Inc., et al. *v.* United States

Entry No. 5003, etc.

(Decided July 25, 1963)

*Stein & Shostak* (*S. Richard Shostak* of counsel) for the plaintiffs.

*John W. Douglas,* Assistant Attorney General (*James F. O'Hara,* trial attorney), for the defendant.

Wilson, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation of counsel for the respective parties:

Mr. Shostak: The plaintiff offers to stipulate, subject to the approval of the Court, as to the merchandise manufactured by Bando Rubber Co. covered by Reappraisement No. R59/8102, one of the cases consolidated herein, that, on the dates of exportation thereof to the United States, the market value or the price at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, were the invoice unit values ex-factory, net packed.

The plaintiff further offers to stipulate that as to the other merchandise covered by the entries the subject of the appeals for reappraisement consolidated herein, that on the dates of exportation thereof the market value or the price at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported in the usual wholesale quantity and in the ordinary course of trade for exportation to the United States, including the cost of containers and coverings of whatever nature, and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, were the invoice unit values plus the f.o.b. charges set forth on the invoices, but not including the buying commission set forth on the invoices.

Plaintiff further offers to stipulate that as to any of the merchandise on the invoices covered by the entries the subject of the appeals for reappraisement consolidated herein which is included in the list of articles designated by the Secretary of the Treasury in T.D. 54521 as provided for in Section 6(a) of the Customs Simplification Act of 1956, Public Law 927, 84th Congress which is subject to appraisement under Section 402 of the Tariff Act of 1930 as amended by the Customs Administrative Act of 1938, that there were no higher foreign values for such or similar merchandise on the dates of exportation involved herein.

Plaintiff further offers to stipulate that the appeals for reappraisement consolidated herein be deemed submitted for decision on the foregoing stipulation.

Mr. O'Hara: * * * the Government so stipulates in all particulars.

On the agreed facts, I find the value of the merchandise herein involved to be as follows:

As to the merchandise manufactured by Bando Rubber Co., covered by reappraisement appeal No. R59/8102 herein, I find export value, as that value is defined in section 402a(d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, to be the proper basis for the determination of the value of said merchandise and that such value for the merchandise covered by reappraisement appeal No. R59/8102 was in each case the invoice unit value ex-factory, net, packed.

As to the other merchandise covered by the entries the subject of the appeals herein, I find export value, as that value is defined in section 402a(d) of the Tariff Act of 1930, as amended, *supra*, to be the proper basis for the determination of the values of the merchandise therein involved, and that said values were the invoice unit values, plus the f.o.b. charges set forth on the pertinent invoices, but not including the buying commission set forth on said invoices.

Judgment will be entered accordingly.